FILED

2021 Apr-16  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NAKEY DEMETRIUS WHITE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:19-cv-08011-AKK** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION</u>

Nakey Demetrius White, a federal prisoner, petitions the court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel. Doc. 1 at 4. Essentially, White contends that his trial counsel was ineffective for failing to investigate his prior convictions, causing White to receive an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *Id.* at 4. In a motion to amend his petition, doc. 3, White seeks to make additional arguments about his prior convictions. For the reasons explained below, White's motion to amend is due to be granted, but his petition is due to be denied.

## I.

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the

sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To obtain relief under § 2255, a petitioner must, among other things: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) timely file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856, 858 (11th Cir. 2012); 28 U.S.C. § 2255(f); (3) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); and (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see McFarland v. Scott*, 512 U.S. 849, 856 (1994).  Once the petition is filed, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  But "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id.*

## II.

In April 2014, White pleaded guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Doc. 14 in case no. 2:14-cr-00055-AKK-TMP.  The undersigned sentenced White to 180 months' imprisonment under the ACCA, based on his prior Alabama convictions for robbery, first-degree possession of marijuana, and cocaine trafficking.  Doc. 25 in case no. 2:14-cr-00055-AKK-TMP.   White timely appealed, arguing that the court should not have sentenced him under the ACCA because his drug convictions were not valid ACCA predicates.  The Eleventh Circuit affirmed White's conviction and sentence, finding this argument "foreclosed by controlling precedent."  *United States v. White*, 837 F.3d 1225, 1227 (11th Cir. 2016).  White petitioned the Supreme Court for writ of certiorari, which the Court denied on March 19, 2018.  *White v. United States*, 138 S. Ct. 1282 (2018).   Upon the Court's denial of certiorari, White's conviction became final and § 2255's one-year limitation period began to run.  *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001).  White timely filed this § 2255 petition on March 18, 2019.  Doc. 1.

## III.

### A.

The court first addresses the timeliness of White's motion to amend, doc. 3.  Analysis turns on the application of the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA) and Rule 12 of the Rules Governing § 2255 Proceedings. Under Rule 12, district courts may apply federal procedural rules to federal habeas proceedings if doing so is consistent with AEDPA and the Rules Governing § 2255 Proceedings.  Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading "as a matter of course within . . . 21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or motion to dismiss.  Here, White effectively amended his original § 2255 petition under Fed. R. Civ. P. 15(a) because he filed it only three days after filing his petition and before the government filed a responsive pleading. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).  The court will therefore consider the arguments contained in White's amendment alongside those in his original § 2255 petition.

**B.**

White lists only one ground for his petition: that his counsel was "ineffective for failing to investigate [his] priors."  Doc. 1 at 4.  To prevail on his ineffective assistance claim, White must demonstrate not only that his counsel's performance was below an objective and reasonable professional norm, but also that he was prejudiced by this inadequacy.  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Because the court may dispose of an ineffective assistance claim if the movant fails to carry his burden of proof on either the performance or the prejudice

prong, the court need not address the adequacy of counsel's performance when the petitioner fails to adequately show prejudice. *Id.* at 697.

White has prior convictions for possession of marijuana "for other than personal use" in violation of Ala. Code § 13A–12–213 and cocaine trafficking in violation of Ala. Code § 13A–12–231.  Doc. 1 at 17, 24.  He pleaded guilty to the former offense in 2005 and the latter offense in 2007.[1]  *Id.*  In 2001, White also pleaded guilty to second-degree robbery in violation of Ala. Code § 13A–8–42.  Doc. 1 at 38.  White alleges that these convictions were improper ACCA predicates.

## 1.

On appeal, the Eleventh Circuit rejected the arguments that White now raises regarding his prior drug convictions.  His arguments were "foreclosed by controlling precedent," the Circuit observed.  *White*, 837 F.3d at 1227.  For example, White contends that his conviction for possession of marijuana does not qualify as a predicate offense.  Doc. 2 at 16.  He asserts that the Circuit "cannot infer intent to distribute" marijuana from that conviction, as is necessary under the ACCA, because Ala. Code § 13A–12–213 applies to individuals guilty of both possession "for other than personal use" and possession for personal use after a prior conviction for

---

[1] For this reason, the court finds meritless White's contention that these convictions are improper predicates because prosecutors did not scientifically prove that he possessed controlled substances. *See* docs. 2 at 16–17; 3 at 4–7.  In Alabama, "[a] voluntary guilty plea concludes the issue of guilt, dispenses with the need for judicial fact finding, is conclusive as to the defendant's guilt, and is an admission of all facts sufficiently charged in the indictment." *G.E.G. v. State*, 54 So. 3d 949, 954 (Ala. 2010) (quoting *Scott v. State*, 917 So. 2d 159, 166 (Ala. Crim. App. 2005)).

possessing marijuana. *Id.* at 14–17. But White conceded before the Circuit that he was convicted of possession "for other than personal use," *White*, 837 F.3d at 1229, and he does not contest that concession. This court is therefore bound by the Circuit's conclusion that "a conviction for possession of marijuana for other than personal use under § 13A–12–213(a)(1) qualifies as a serious drug offense under the ACCA." *Id.* at 1229–30.

White's arguments concerning his cocaine trafficking conviction fare no better. On appeal, White argued that "trafficking in cocaine, as defined by § 13A–12–231(2), does not qualify as a serious drug offense under the ACCA because it does not necessarily involve 'manufacturing, distributing, or possessing [a controlled substance] with intent' to do either." *Id.* at 1232. Notwithstanding this argument, the Circuit ruled that White's "Alabama conviction for trafficking by possession of at least 28 grams of cocaine constitutes a serious drug offense and a valid predicate under the ACCA." *Id.* at 1235. White asserts that the Circuit misconstrued the ACCA. Doc. 2 at 18–20. But even if his arguments had any merit, this court is again bound by the Circuit's opinion: "[a] circuit court's decision binds the district courts sitting within its jurisdiction." *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). Thus, because White's drug convictions were valid predicate offenses regardless of the alleged inadequacy of his counsel's investigation, White cannot show prejudice.

6

## 2.

White "conceded [in the district court] that his robbery conviction is an ACCA predicate" and did "not argue otherwise on appeal." *White*, 837 F.3d at 1228 n.2. On collateral review, however, White challenges his counsel's failure to argue that the robbery conviction was not a violent felony. Doc. 2 at 27. Although this argument appears in White's brief, it is not alleged as a ground in his § 2255 petition. *See* doc. 1 at 4–14. Even so, because the Circuit has directed courts to "resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied," the court will consider this claim. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (citing *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992)). Moreover, pro se filings, including those submitted by § 2255 petitioners, are liberally construed. *Mederos*, 218 F.3d at 1254.

Precedent also forecloses White's challenge to his first-degree robbery conviction. Under Circuit precedent, a "prior conviction for Alabama first degree robbery qualifies as a predicate offense . . . because it requires force with the intent to overcome physical resistance." *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018). White concedes that the Circuit decided this issue in *Welch*. *See* doc. 2 at 28. But, because another appeal concerning the same issue was pending when White filed his petition, he argues that the Circuit "is seriously considering whether Alabama robbery qualifies." *Id.* The Circuit has since decided that case, however,

and it cited *Welch* for the proposition that "a conviction for first-degree robbery in Alabama is a 'violent felony' under the ACCA's elements clause." *Childs v. United States*, 783 F. App'x 893, 894 (11th Cir. 2019).   Accordingly, White was not prejudiced by his counsel's failure to make this argument.

## C.

Additionally, White says that, during the pendency of his appeal, he repeatedly asked his counsel to "incorporate the Supreme Court's reasoning in" *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Doc. 2 at 21.  Because the Court decided *Mathis* three months before the Eleventh Circuit decided White's appeal, his attorney allegedly had a "window[] in which she could have supplemented his appellate brief and argument" to include *Mathis*. *Id.*  White makes several arguments about *Mathis*'s retroactive application and interaction with another Supreme Court decision, *Descamps v. United States*, 570 U.S. 254 (2013). *Id.* at 21–27.  These arguments, too, are not alleged as grounds in his § 2255 petition. *See* doc. 1 at 4– 14.  But, at any rate, the court concludes that White's arguments are frivolous.  The Circuit has held—in White's own appeal—that neither *Descamps* nor *Mathis* affect whether White's prior convictions qualify as ACCA predicate offenses. *See White*, 837 F.3d at 1235 & n.13.  Thus, White cannot show that his attorney prejudiced him by failing to submit a supplemental appellate brief.

## D.

Finally, White "asks this [c]ourt to hold his § 2255 Petition in [] abeyance, until the Supreme Court decides *Rehaif v. U.S*." so that the "High Court [can] decide whether 18 U.S.C. § 922(g) has a mens rea element for being in possession of a firearm." Doc. 2 at 29–30. The Court has since decided *Rehaif*, concluding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). White does not explicitly make any arguments about mens rea in his brief. Even so, he apparently contends that his conviction is invalid under *Rehaif* because the Government failed to prove that he knew either that he possessed a firearm or that he had three predicate offenses. *See* doc. 2 at 29–30. Such a claim fails, however, because *Rehaif* applies to individuals prosecuted "under 18 U.S.C. § 922(g) *and* 18 U.S.C. § 924(a)(2)," and White was not.[2] *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (emphasis in original). Moreover, even assuming *Rehaif* applies, the decision "was not made retroactive to cases on collateral review by the Supreme Court." *Id.*

---

[2] White was convicted of violating 18 U.S.C. § 922(g), with penalties enhanced under § 924(e)(1). Doc. 25 at 1 in case no. 2:14-CR-55-AKK-TMP. Unlike § 924(a)(2), which requires a knowing violation, § 924(e)(1) lacks a mens rea requirement.

## IV.

In light of the foregoing, the court finds that White's arguments fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, although White's motion to amend, doc. 3, is due to be granted, his § 2255 petition, doc. 1, is due to be denied.  The court will do so in an order issued contemporaneously with this memorandum opinion.

**DONE** the 16th day of April, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE